IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Godo Kaisha IP Bridge 1, <br><br> Plaintiff, <br><br> v. <br><br> TCL Communication Technology Holdings Limited, a Chinese Corporation, TCT Mobile Limited, a Hong Kong Corporation, and TCT Mobile (US), Inc., a Delaware Corporation, <br><br> Defendants. | Civil Action No. |

## COMPLAINT FOR PATENT INFRINGEMENT

Godo Kaisha IP Bridge 1 ("IP Bridge") brings this action against TCL Communication Technology Holdings Limited, TCT Mobile Limited, and TCT Mobile (US), Inc. (collectively "TCL") and alleges as follows:

### PARTIES

1. IP Bridge is a Japanese Corporation with its principal place of business located at c/o Sakura Sogo Jimusho, 1-11 Kanda Jimbocho, Chiyoda-ku, Tokyo, 101-0051, Japan. IP Bridge is the owner of the intellectual property rights at issue in this action.

2. On information and belief, Defendant TCL Communication Technology Holdings, Ltd. ("TCL Communication") is a Chinese company with its principal place of business at 15/F, TCL Tower, Gaoxin Nan Yi Road, Nanshan District, Shenzhen, Guangdong, P.R.C. 518057. TCL Communication is one of four business units of its parent, TCL Corporation, which is also based in Shenzhen, P.R.C. According to a July 8, 2015, TCL Communication press release, attached as Exhibit A, TCL Communication "together with its

subsidiaries and its affiliates (collectively the "Group") designs, manufactures and markets an expanding portfolio of mobile and internet products worldwide under two key brands – ALCATEL ONETOUCH and TCL. The Group's portfolio of products is currently sold … throughout North America."

3. On information and belief, one or more senior management executives within TCL Communication also serve in management positions in a number of wholly owned subsidiaries of TCL Communication and at least one such individual is directly responsible for overseeing the Alcatel OneTouch business in the United States and elsewhere. *See* http://www.tclcom.com./?page=board_of_directors. In addition, the website for the Alcatel OneTouch product line specifically directs viewers, including customers, to contact TCL Communication at its aforestated principal place of business. *See* http://alcatelonetouch.com/global-en/company/contactus.html

4. On information and belief, Defendant TCT Mobile Limited ("TCT Hong Kong") is a wholly-owned subsidiary of TCL Communication. TCT Hong Kong is a company established under the laws of Hong Kong, having its registered office at Room 1520, Tower 6, China Hong Kong City, 33 Canton Road, Tsim Sha Tsui, Kowloon, Hong Kong. On information and belief, TCT Hong Kong has a domestic address at 25 Edelman, Suite 200, Irvine, CA 92618. *See* http://www.alcatelonetouch.us/info/terms.

5. On information and belief, Defendant TCT Mobile (US), Inc. ("TCT US") is a Delaware corporation and wholly-owned subsidiary of TCL Communication with its principal place of business at 25 Edelman, Irvine, California 92618. TCT US is the domestic subsidiary for TCL Communication and is identified on the Alcatel OneTouch website as the local office in the United States for the Alcatel OneTouch product line. *See* http://alcatelonetouch.com/global-

en/company/contactus.html.  On information and belief, TCT US is directly involved in the sale of mobile devices under TCL's "Alcatel OneTouch" brand in the United States.

6. On information and belief, TCL Communication, together with its subsidiaries and its affiliates, including, but not limited, to TCT Hong Kong and TCT US, designs, manufactures, uses, markets, imports into the United States, sells, and/or offers for sale in the United States mobile phones and tablets under the brands "Alcatel OneTouch" and "TCL."  TCL offers for sale and sells mobile phones and other mobile devices throughout the United States, including within this judicial district.

## JURISDICTION AND VENUE

7. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including but not limited to 35 U.S.C. § 271.

8. This Court has subject matter jurisdiction over this controversy under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendants because each Defendant has established minimum contacts with the forum State of Delaware.

10. All of the Defendants are subject to personal jurisdiction in Delaware under, at a minimum, the Delaware Long-Arm Statute, 10 Del. Code § 3104, thereby submitting themselves to the jurisdiction of the Delaware courts because they have transacted and continue to transact business in the State of Delaware, directly and/or through third parties, by:  manufacturing or assembling, importing or causing to be imported, using or causing to be used, offering to sell or causing to be offered for sale, selling or causing to be sold directly, through intermediaries and/or as an intermediary, a variety of mobile phones and mobile devices that infringe the patents-in-suit to customers in the United States, including customers in Delaware, and will

continue to do so unless enjoined by this Court.

11. This Court has personal jurisdiction over TCL Communication and TCT Hong Kong in that TCL Communication and TCT Hong Kong have been and will continue to commit acts alleged herein as patent infringement in Delaware and elsewhere in the United States, including the infringing acts alleged herein, both directly, through one or more intermediaries, and/or as an intermediary. On information and belief, TCL Communication and TCT Hong Kong regularly import or cause to be imported large quantities of mobile phones and mobile devices into the United States for distribution throughout the United States, and in Delaware. On information and belief, TCL Communication and TCT Hong Kong are involved in the distribution of infringing mobile phones and mobile devices throughout the United States, including in Delaware, and intend for such products to be sold throughout the United States, including in Delaware. On information and belief, TCL Communication and TCT Hong Kong have caused and continue to cause injury and damages in Delaware by acts or omissions outside of this judicial district, including, but not limited to, utilization of their own distribution channels established in the United States and TCT US's distribution channels in the United States, as set forth below, to ship or otherwise import a variety of products that infringe the patents-in-suit into the United States and into this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

12. This Court has personal jurisdiction over TCT US in that TCT US is incorporated and therefore resides in Delaware. Personal jurisdiction is also proper because TCT US has been and will continue to commit acts of patent infringement in Delaware and elsewhere in the United States, including the infringing acts alleged herein, both directly, through one or more

intermediaries, and/or as an intermediary.  On information and belief, TCT US regularly imports or causes to be imported large quantities of mobile phones and mobile devices into the United States for distribution throughout the United States, and in Delaware.  On information and belief, TCT US is involved in the distribution of infringing mobile phones and mobile devices throughout the United States, including in Delaware, and intends for such products to be sold throughout the United States, including in Delaware.  The established distribution networks of TCT US consist of national distributors and resellers, and TCT US distributes or causes to be distributed infringing products to national retailers that have stores in Delaware.  By shipping into, offering to sell in, using, and/or selling products that infringe the patents-in-suit in this judicial district, or by inducing or causing those acts to occur, TCT US has transacted and transacts business and performs work and services in this judicial district, has contracted and contracts to supply services and things in this judicial district, has caused and causes injury and damages in this judicial district by acts or omissions in this judicial district, and has caused and causes injury and damage in this judicial district by acts or omissions outside of this judicial district while deriving substantial revenue from services or things used or consumed within this judicial district, and will continue to do so unless enjoined by this Court.

13. Defendants' accused products in this case were available for purchase at stores within this judicial district up to and including the filing date of this Complaint.  Such stores include, but are not limited to, the Walmart located at 1251 Centerville Road, Wilmington, DE 19808 and the Best Buy located at 4807 Concord Pike, Wilmington, DE 19803.  Exhibit B is a receipt showing the purchase in Delaware on July 21, 2015, of an exemplary product at issue in this case, an Alcatel OneTouch Evolve 2, that was manufactured, imported, marketed, and/or sold or made available for sale by Defendants.  Exhibit C includes photographs of the

aforementioned Alcatel OneTouch Evolve 2, a product manufactured and imported into the United States by Defendants, which was offered for sale in the State of Delaware, and purchased in Delaware on July 21, 2015 at the aforementioned Best Buy.  Exhibit D is a receipt showing the purchase in Delaware on July 23, 2015, of an exemplary product at issue in this case, an Alcatel OneTouch Pop Astro, that was manufactured, imported, marketed, and/or sold or made available for sale by Defendants.  Exhibit E includes photographs of the aforementioned Alcatel OneTouch Pop Astro, a product manufactured and imported into the United States by Defendants, which was offered for sale in the State of Delaware, and purchased in Delaware on July 23, 2015 at the aforementioned Walmart.  Moreover, additional Alcatel OneTouch mobile devices were available for purchase through interactive websites accessible in Delaware with delivery to an address in Delaware.  Exhibits F and G are receipts showing July 21, 2015, purchase via www.amazon.com, of two exemplary products at issue in this case manufactured by Defendants for delivery to a location in Delaware on July 22, 2015.  Exhibit H includes photographs of the Alcatel OneTouch Idol 3, which was purchased via the aforementioned interactive website.  Exhibit I includes photographs of the Alcatel OneTouch Pop C9, which was purchased via the aforementioned interactive website.  Furthermore, most of these exemplary phones contain the names TCT MOBILE, TCT MOBILE LIMITED, and/or TCL COMMUNICATION LTD. on their serial numbers.  *See* Exs. C, H-I.

14.     As set forth above, Defendants have committed and continue to commit acts of patent infringement in this judicial district, and have placed or have knowingly permitted placement of products, including infringing products, into the stream of commerce with the intent of serving the Delaware market as evidenced by Defendants' marketing, importing, selling and shipping, either directly or indirectly, such products into this judicial district, which has

resulted in the introduction of such products into the Delaware market and sales of same in this judicial district.  Accordingly, Defendants have purposefully availed themselves of the benefits of the State of Delaware such that exercising jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

15. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(a)-(d) and 1400(b).

**TCL'S FAILURE TO ENGAGE IN GOOD FAITH NEGOTIATIONS**

16. On December 15, 2014, IP Bridge wrote to TCL's CEO and Executive Director, Dr. Aiping Guo, and the IP Director of TCL's parent company TCL Corporation, Mr. Xing Zhou (also known as Mr. Steven Zhou).  In this letter, attached as Exhibit J, IP Bridge presented an offer to license IP Bridge's patent portfolio covering W-CDMA, LTE, and related standards and modifications thereof (hereafter "W-CDMA and LTE standards"), which are global standards used in mobile telecommunications.  IP Bridge's December 15th letter encouraged TCL to open a dialogue on IP Bridge's offer to license the patents on fair, reasonable, and non-discriminatory ("FRAND") terms.   Attached as Exhibit K is proof of delivery of IP Bridge's December 15th letter.

17. TCL never responded to IP Bridge's December 15th letter.

18. IP Bridge wrote a follow-up letter on January 26, 2015, again addressed to TCL's Dr. Aiping Guo.  IP Bridge's second letter, like the first one, encouraged TCL to open a dialogue for negotiating a license to IP Bridge's patent portfolio on FRAND terms.  The second letter, excluding enclosures, is attached as Exhibit L and proof of delivery is attached as Exhibit M.

19. TCL never responded to IP Bridge's January 26th letter.

20. IP Bridge wrote a second follow-up letter on February 27, 2015, again addressed

to TCL's Dr. Aiping Guo.  IP Bridge's third letter, like the two previous ones, encouraged TCL to contact IP Bridge.  The third letter, excluding enclosures, is attached as Exhibit N and proof of delivery is attached as Exhibit O.

21. TCL never responded to IP Bridge's February 27th letter.

22. IP Bridge's counsel wrote a fourth letter on April 6, 2015, again addressed to TCL's Dr. Aiping Guo.  IP Bridge's counsel's fourth letter demanded that TCL respond if it wished to remain eligible for FRAND rates to IP Bridge's patents.  The fourth letter is attached as Exhibit P and proof of delivery is attached as Exhibit Q.

23. TCL never responded to IP Bridge's April 6th letter.

24. TCL's complete failure to respond to four separate letters across the span of four months represents a rejection of IP Bridge's attempts to negotiate in good faith with respect to the patent portfolio identified in IP Bridge's December 15th letter.

## THE ASSERTED PATENTS

25. IP Bridge owns by assignment United States Patent No. 7,373,295, entitled "Speech Coder and Speech Decoder," which was duly and legally issued on May 13, 2008.  A certified copy of the '295 patent is attached as Exhibit R.

26. IP Bridge owns by assignment United States Patent No. 8,351,538, entitled "Radio Transmission Device and Radio Transmission Method," which was duly and legally issued on January 8, 2013.  A certified copy of the '538 patent is attached as Exhibit S.

27. IP Bridge owns by assignment United States Patent No. 8,385,239, entitled "Control Channel Signalling for Triggering the Independent Transmission of a Channel Quality Indictor," which was duly and legally issued on February 26, 2013.  A certified copy of the '239 patent is attached as Exhibit T.

28. The '295 patent, '538 patent, and '239 patent (collectively "IP Bridge Patents") cover technology declared essential to one or more of the W-CDMA and LTE telecommunication standards. These standards are implemented in mobile phones and tablets that use the W-CDMA and LTE standards. TCL's mobile phones and tablets that implement these standards infringe the IP Bridge Patents at issue in this case.

## CLAIMS FOR RELIEF

### CLAIM 1 – INFRINGEMENT OF THE '295 PATENT

29. IP Bridge repeats, realleges, and incorporates by reference as if fully set forth herein each and every allegation in paragraphs 1-28 above.

30. On information and belief, TCL has infringed and continues to infringe one or more of the claims of the '295 patent. TCL's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to the following TCL products: TCL Alcatel OneTouch Idol 3, TCL Alcatel OneTouch Evolve 2, TCL Alcatel OneTouch Pop Astro and TCL Alcatel OneTouch Pop C9.

31. IP Bridge placed TCL on notice of its infringing activities on December 15, 2014. TCL's infringing activities violate 35 U.S.C. § 271.

32. On information and belief, TCL's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to IP Bridge.

33. TCL has failed to negotiate in good faith and seek a license of the '295 patent. Accordingly, TCL is no longer eligible for a license to the '295 patent at FRAND rates.

34. On information and belief, TCL's infringement in violation of the federal patent laws will continue to injure IP Bridge unless otherwise enjoined by this Court.

## CLAIM 2 – INFRINGEMENT OF THE '538 PATENT

35.     IP Bridge repeats, realleges, and incorporates by reference as if fully set forth herein each and every allegation in paragraphs 1-34 above.

36.     On information and belief, TCL has infringed and continues to infringe one or more of the claims of the '538 patent.  TCL's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to the following TCL products: TCL Alcatel OneTouch Idol 3 and TCL Alcatel OneTouch Pop Astro.

37.      IP Bridge placed TCL on notice of its infringing activities on December 15, 2014.  TCL's infringing activities violate 35 U.S.C. § 271.

38.     On information and belief, TCL's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to IP Bridge.

39.     TCL has failed to negotiate in good faith and seek a license of the '538 patent.  Accordingly, TCL is no longer eligible for a license to the '538 patent at FRAND rates.

40.     On information and belief, TCL's infringement in violation of the federal patent laws will continue to injure IP Bridge unless otherwise enjoined by this Court.

## CLAIM 3 – INFRINGEMENT OF THE '239 PATENT

41.     IP Bridge repeats, realleges, and incorporates by reference as if fully set forth herein each and every allegation in paragraphs 1-40 above.

42.     On information and belief, TCL has infringed and continues to infringe one or more of the claims of the '239 patent.  TCL's infringing activities in the United States and this District include the development, manufacture, use, importation, sale, and/or offer for sale of products, including but not limited to the following TCL products: TCL Alcatel OneTouch Idol 3

and TCL Alcatel OneTouch Pop Astro.

43.     IP Bridge placed TCL on notice of its infringing activities on December 15, 2014. TCL's infringing activities violate 35 U.S.C. § 271.

44.     On information and belief, TCL's infringement has been, and continues to be, willful and deliberate, and has caused substantial damage to IP Bridge.

45.     TCL has failed to negotiate in good faith and seek a license of the '239 patent. Accordingly, TCL is no longer eligible for a license to the '239 patent at FRAND rates.

46.     On information and belief, TCL's infringement in violation of the federal patent laws will continue to injure IP Bridge unless otherwise enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A.     That the Court render judgment declaring that TCL has infringed the IP Bridge Patents in violation of 35 U.S.C. § 271;

B.     That the Court render judgment declaring TCL's infringement of the IP Bridge Patents willful and deliberate;

C.     That IP Bridge be awarded damages adequate to compensate IP Bridge for TCL's infringement of the IP Bridge Patents;

D.     That IP Bridge be awarded enhanced damages pursuant to 35 U.S.C. § 284;

E.     That IP Bridge be awarded pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs and disbursements;

F.     That the Court enter an order finding that this is an exceptional case and awarding IP Bridge its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.     That the Court permanently enjoin TCL, its parents, affiliates, successors, assigns,

subsidiaries and transferees, and its officers, directors, agents, servants, and employees, and all those persons in active concert or participation with them, or any of them, from making, using, importing, exporting, distributing, supplying, selling or offering to sell, or causing to be sold any product falling within the scope of the claims of the IP Bridge Patents, or otherwise infringing or contributing to the infringement of any claim thereof, including but not limited to the following TCL products: TCL Alcatel OneTouch Idol 3, TCL Alcatel OneTouch Evolve 2, TCL Alcatel OneTouch Pop Astro and TCL Alcatel OneTouch Pop C9;

      H.      That the Court award, in lieu of an injunction, an ongoing royalty;

      I.      That the Court order an accounting of damages;

      J.      That IP Bridge be awarded its reasonable attorneys' fees and costs; and

      K.      That the Court award such other relief as it may deem appropriate and just under the circumstances.

| | |
|---|---|
| Of Counsel:<br><br>MORRISON & FOERSTER LLP<br>Michael A. Jacobs<br>425 Market Street<br>San Francisco, CA  94105-2482, U.S.A.<br>Telephone: 415 268 7000<br>MJacobs@mofo.com<br><br>MORRISON & FOERSTER LLP<br>Louise C. Stoupe<br>Shin-Marunouchi Building, 29th Floor<br>5-1, Marunouchi 1-Chome<br>Chiyoda-ku, Tokyo 100-6529, Japan<br>Telephone: +81 3 3214 6522<br>LStoupe@mofo.com<br><br>MORRISON & FOERSTER LLP<br>Robert J. Hollingshead<br>Shin-Marunouchi Building, 29th Floor<br>5-1, Marunouchi 1-Chome<br>Chiyoda-ku, Tokyo 100-6529, Japan<br>Telephone: +81 3 3214 6903<br>RHollingshead@mofo.com<br><br>MORRISON & FOERSTER LLP<br>Akira Irie<br>Shin-Marunouchi Building, 29th Floor<br>5-1, Marunouchi 1-Chome<br>Chiyoda-ku, Tokyo 100-6529, Japan<br>Telephone: +81 3 3214 6638<br>AIrie@mofo.com<br><br>Dated:  July 24, 2015<br><br>01:17414194.1 | YOUNG CONAWAY STARGATT<br>   & TAYLOR, LLP<br><br>*/s/ Anne Shea Gaza*<br>Elena C. Norman (No. 4780)<br>Anne Shea Gaza (No. 4093)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE  19801<br>(302) 571-6600<br>enorman@ycst.com<br>agaza@ycst.com<br><br>Attorneys for Plaintiff<br>Godo Kaisha IP Bridge 1 |