IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 15-634-SLR/SRF |
| | ) |
| TCL COMMUNICATION TECHNOLOGY | ) |
| HOLDINGS LIMITED, TCT MOBILE LIMITED, | ) |
| TCT MOBILE (US), INC., and TCT MOBILE, | ) |
| INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 29th day of September, 2016, having reviewed the objections

filed by defendants TCL Communication Technology Holdings Limited ("TCL Holdings")

and TCT Mobile Limited ("TCT Hong Kong") to Magistrate Judge Fallon's Report and

Recommendation dated August 17, 2016, as well as plaintiff's response thereto;

IT IS ORDERED that the Report and Recommendation (D.I. 72) will be affirmed

and the objections thereto (D.I. 78) overruled, for the following reasons:

1. **Legal standard.** A district judge is charged with conducting a de novo review

of a magistrate judge's report and recommendation to which specific, written objections

are made. 28 U.S.C. § 636(b)(1); *see also Sample v. Diecks*, 885 F.2d 1099, 1106 n.3

(3d Cir. 1989). The district judge may "accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Although review is de novo, the district judge, in exercising her sound discretion, is

permitted to rely on the recommendation of the magistrate judge to the extent she deems proper. *United States v. Raddatz*, 447 U.S. 667, 676-677 (1980); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

2. **Stream-of-commerce theory.** Defendants argue that Magistrate Judge Fallon erred when she relied on a stream-of-commerce due process analysis in denying their motion to dismiss for lack of jurisdiction. As noted by plaintiff in its response, the Federal Circuit has addressed, if not embraced, the stream-of-commerce theory of jurisdiction, even while recognizing that its "precise requirements . . . remain unsettled;" i.e., "whether mere placement into the stream of commerce is sufficient to establish jurisdiction, or whether intent that the products reach the forum is required. . . ." *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1381 (Fed. Cir. 2015) (citing to *Asahi Metal Indus. Co. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102 (1987)). In this case, Magistrate Judge Fallon found that plaintiffs had sufficiently demonstrated that "TCL Holdings and TCT Hong Kong had knowledge that their products were distributed nationwide through retailers such as Best Buy and Walmart, and they 'purposefully shipped the accused [products] into [Delaware] through an established distribution channel [and] [t]he cause of action for patent infringement is alleged to arise out of these activities.'" (D.I. 72 at 16-17) (quoting *Beverly Hills Fan Co. v. Royal Sovereign Corp.,* 21 F.3d 1558, 1565 (Fed. Cir. 1994)). Given the actual sale of the accused products in Delaware, and the above conclusion that plaintiff met at least the more flexible foreseeability standard articulated in *Asahi,* I find no error in Magistrate Judge Fallon's analysis in this regard.

2

3. **Delaware's long-arm statute.** Defendants also contend that there was
insufficient evidence to support Magistrate Judge Fallon's conclusion that the
requirements of Delaware's long-arm statute were met. In the first instance, Magistrate
Judge Fallon's recitation of the relevant legal standard for establishing specific
jurisdiction under Delaware law is correct.[1] Consistent with the above standard
articulated by the Federal Circuit and this court's review of the Delaware long-arm
statute, "the dual jurisdiction analysis," which combines subsections (c)(1) and (c)(4) of
10 Del. C. § 3104, "requires a showing of both: (1) an intent to serve the Delaware
market; and (2) that this intent results in the introduction of the product into the market
and that plaintiff's cause of action arises from injuries caused by that product." *Belden
Techs., Inc. v. LS Corp.,* 829 F. Supp. 2d 260, 267-68(D. Del. 2010) (citing *Power
Integrations, Inc. v. BCD Semiconductor Corp.*, 547 F. Supp. 2d 365, 372 (D. Del.
2008)).

4. Contrary to defendants' contentions, Magistrate Judge Fallon did not embrace
the proposition "that merely by exporting a product to the U.S., a foreign company
subjects itself to personal jurisdiction in every state in which a customer purchases the
product from the company's U.S. distributor." (D.I. 78 at 6-7) Instead, the Report and
Recommendation recites record evidence from which Magistrate Judge Fallon could
plausibly infer that both TCT Hong Kong and TCL Holdings manufacture the accused

---

[1]As noted by the Federal Circuit in *Polar Electro Oy v. Suunto Oy*, — F.3d —,
2016 WL 3913449, at *4-6 (Fed. Cir. July 20, 2016), the law relating to specific
jurisdiction as explained in *Beverly Hills Fan Co,* cited above, has not changed despite
being addressed by the Supreme Court in *J. McIntyre Machinery, Ltd. v. Nicastro*, 564
U.S. 873 (2011). (*See* D.I. 78 at 5-6)

3

products, which they actively market and sell in the United States through nationwide distributors. I recognize that defendants have provided contrary evidence in the form of the affidavit of Mr. Dalin Mao, who acts as legal counsel for TCL Communication (Ningbo) Co., Ltd., a wholly-owned subsidiary of TCL Holdings. (D.I. 19) Even setting aside, as did Magistrate Judge Fallon, the substantive and procedural defects related to the Mao affidavit (*see* D.I. 72 at 6-8), I agree with Magistrate Judge Fallon's conclusion that any factual discrepancies between the evidence presented by the parties must be resolved in favor of plaintiff, the non-moving party.[2] Therefore, I agree that plaintiff carried its burden to establish a prima facie case of personal jurisdiction. *See Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004); *Celgard, LLC v. SK Innovation Co., Ltd.*, 792 F.3d 1373, 1378 (Fed. Cir. 2015).

THEREFORE, IT IS FURTHER ORDERED that defendants TCL Holdings and TCT Hong Kong's partial motion to dismiss for lack of personal jurisdiction (D.I. 17) is denied.

United States District Judge

---

[2] I note for the record that defendants opposed plaintiff's request for jurisdictional discovery. (D.I. 72 at 17)

4