## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| GODO KAISHA IP BRIDGE 1, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) C.A. No. 15-634-SLR-SRF |
|  | ) |
| TCL COMMUNICATION TECHNOLOGY | ) **JURY TRIAL DEMANDED** |
| HOLDINGS LIMITED, *a Chinese* | ) |
| *Corporation*, TCT MOBILE LIMITED, *a* | ) **REDACTED PUBLIC VERSION** |
| *Hong Kong Corporation*, TCT MOBILE (US), | ) |
| INC., *a Delaware Corporation*, and TCT | ) |
| MOBILE, INC., *a Delaware Corporation*, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |

## OPENING BRIEF IN SUPPORT OF DEFENDANT TCT MOBILE (US), INC.'S
## MOTION TO COMPEL DISCOVERY

*Of Counsel*:

John E. Nilsson
Edward Han
Aarash A. Haghighat
ARNOLD & PORTER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C.  20001
(202) 942-5000
john.nilsson@aporter.com
edward.han@aporter.com
aarash.haghighat@aporter.com

ROSS ARONSTAM & MORITZ LLP
Benjamin J. Schladweiler (#4601)
Nicholas D. Mozal (#5838)
100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com
nmozal@ramllp.com

*Counsel for TCT Mobile (US), Inc.*

Dated: October 13, 2016

# TABLE OF CONTENTS

**Page**

I.   NATURE AND STAGE OF THE PROCEEDINGS ......................................... 1

II.   SUMMARY OF ARGUMENT ................................................................... 1

III.   STATEMENT OF FACTS ........................................................................ 2

  A.   Panasonic's Role As The Original Owner Of The Patents-In-Suit......................... 2

  B.   TCT's Requests For Discovery Related To Panasonic And The Inventors............ 3

IV.   STANDARD OF REVIEW ...................................................................... 11

V.   ARGUMENT ........................................................................................ 12

VI.   CONCLUSION ..................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acceleration Bay LLC v. Activision Blizzard, Inc.*,
   CV 15-228-RGA, 2016 WL 3186890 (D. Del. June 3, 2016) ..................................................8

*Afros S.P.A. v. Krauss-Maffei Corp.*,
   113 F.R.D. 127 (D. Del. 1986) ...........................................................................13, 14, 15, 16

*Baby Jogger, LLC v. Britax Child Safety, Inc.*,
   No. 2:12-CV-452, 2013 WL12092292 (E.D. Va. Apr. 25, 2013) ..........................................14

*E.I. DuPont de Nemours & Co. v. Kolon Indus., Inc.*,
   286 F.R.D. 288 (E.D. Va. 2012) ..........................................................................................13

*GerlingInt'l. Ins. Co v.Comm'r of Internal Revenue.*,
   839 F.2d 131 (3rd Cir. 1988) ...............................................................................................13

*Godo Kaisha IP Bridge 1 v. OmniVision Techs., Inc.*,
   No. 1-16-cv-00290-SLR (D. Del. Aug. 10, 2016) .................................................................11

*Hart v. Nationwide Mut. Fire Ins. Co.*,
   270 F.R.D. 166 (D. Del. 2010) .............................................................................................12

*Mercy Catholic Med. Center v. Thompson*,
   380 F.3d 142 (3rd Cir. 2004) ...............................................................................................13

*Pacitti v. Macy's*,
   193 F.3d 766 (3d Cir. 1999)..................................................................................................12

*Parallel Networks Licensing, LLC v. Intl. Bus. Machs. Corp.*,
   No. 13-2072-SLR-SRF, 2015 WL 4966957 (D. Del. Aug. 20, 2015)....................................12

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
   553 U.S. 617 (2008)................................................................................................................4

*Steele Software Sys. Corp. v. DataQuick Info. Sys.*,
   237 F.R.D. 561 (D. Md. 2006).................................................................................12, 13, 14

**Other Authorities**

Fed. R. Civ. P. 26...........................................................................................................11, 12

Fed. R. Civ. P. 34(a) ............................................................................................................12

Fed. R. Civ. P. 37.................................................................................................................12

Defendant TCT Mobile (US), Inc. ("TCT") respectfully submits this opening brief in support of its motion to compel Plaintiff Godo Kaisha IP Bridge 1 ("IP Bridge") to produce key documents of Panasonic Corporation ("Panasonic") in its "control" within the meaning of Rule 34 of the Federal Rules of Civil Procedure.

## I.    NATURE AND STAGE OF THE PROCEEDINGS

In this action, IP Bridge alleges that TCT infringes U.S. Patent Nos. 7,373,295 ("the '295 patent"), 8,351,538 ("the '538 patent"), and 8,385,239 ("the '239 patent) (collectively, the "Patents-in-Suit").  (D.I. 1.)  TCT denies those allegations.  On September 12, 2016, TCT submitted a letter brief in which it asked the Court to require IP Bridge to produce important documents regarding the inventors' work and the efforts that culminated in the Patents-in-Suit. (D.I. 84.)  IP Bridge responded in opposition on September 13, 2016.  (D.I. 87.)  On September 22, 2016, the Court heard limited argument on the motion and requested additional briefing. (Sept. 22, 2016 Discovery Dispute Hr'g. Tr. at 57:18-67:9.)  At the Court's direction, the parties agreed to a briefing schedule, which was reflected in a joint stipulation submitted on September 30, 2016.  (D.I. 105.)  TCT submits this opening brief in accordance with that schedule.

## II.   SUMMARY OF ARGUMENT

From the outset of discovery, TCT has sought discovery concerning the early work of the inventors of the Patents-in-Suit and the communications between their employer, Panasonic (the original owner of the Patents-in-Suit), and standards setting organizations and third-party licensees.  IP Bridge has resisted these demands for discovery, claiming that it has no access to the documents because they are in Panasonic's control.  ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████     As explained below, IP Bridge has "control" over Panasonic's

documents relating to the Patents-in-Suit ████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

## III.   STATEMENT OF FACTS

### A.   Panasonic's Role As The Original Owner Of The Patents-In-Suit

Panasonic[1] is the original owner of each of the Patents-in-Suit.  It filed the application for

the '295 Patent on July 9, 2003 and prosecuted the patent until its issuance on May 13, 2008.

(D.I. 1-7 ('295 patent).)  Panasonic filed JP 2007-211101 in the Japanese Patent Office on

August 13, 2007, and filed the associated international patent application PCT/JP2008/002197

on August 12, 2008.  (D.I. 1-8 ('538 patent).)  This application resulted in the publication of the

'538 Patent on January 8, 2013.  (Id.)  Lastly, on May 6, 2008, Panasonic filed EP 08008539.2

with the European Patent Office, and the related international patent application

PCT/EP2009/002422 on April 2, 2009, which eventually resulted in the prosecution and

publication of the '239 Patent on February 26, 2013.  (D.I. 1-9 ('239 patent).)

Panasonic pursued opportunities to monetize the Patents-in-Suit from the outset.  For

---

[1] The July 9, 2003 Utility Patent Application Transmittal lists Matsushita Electric Industrial Co.,
Ltd. ("Matsushita") as the Assignee.  (See Ex. 1 [Utility Patent Application] at 1.)  On October 1,
2008, Matsushita officially changed its named to "Panasonic Corporation."  Therefore,
Matsushita will be referred to as "Panasonic" hereafter.

instance, IP Bridge has admitted that Panasonic took steps to declare the Patents-in-Suit as

Standard Essential Patents with the European Telecommunications Standards Institute ("ETSI")

while they were still pre-issued patent applications; the application for the '295 Patent in 2005,

the '239 Patent in 2010, and the '538 Patent in 2013.  (*See* Ex. 2 [IP Bridge's 1st Supplemental

Response to RFA] at No. 1.)  In so doing, Panasonic represented to ETSI, and to the world, that

companies providing cellular telephones and cellular telephone service could not practice

important standards without using the technology claimed in its patents.  It also committed to

license those patents for a "fair, reasonable and non-discriminatory" (or "FRAND") royalty.[2]

**B.    TCT's Requests For Discovery Related To Panasonic And The Inventors**

On April 22, 2016, TCT served IP Bridge with requests for inventorship and prosecution

documents relating to the Patents-in-Suit, including (i) the inventions' conception, reduction to

practice, and development; (ii) the inventions' first use and first disclosure; (iii) initial

assignments and attempts to license the inventions; (iv) the inventions' prosecution; and (iv)

studies and analyses of prior art that the inventors and patent owners considered in advance of

the asserted patents' issuance.  (*See* Ex. 3 [TCT's First Set of RFPs] at Requests Nos. 1-3, 5, 12-

23, 26, 47.)  These requested documents are critical to understanding the scope, validity, and

enforceability of the alleged inventions asserted here.  To determine an appropriate damages

model in this litigation, TCT also requested all documents related to Panasonic's

communications with standard-setting organizations ("SSOs") such as ETSI, as well as all

licenses from Panasonic giving rights to any of the Patents-In-Suit.  (*Id.* at Nos. 45, 46, 49.)[3]

---

[2] These actions are at the heart of the counterclaims that TCT has asserted and that IP Bridge
seeks to dismiss.  (D.I. 68 ¶¶ 4-7, 10-13, 19-22, 25, 28.)  As explained in TCT's opposition to IP
Bridge's motion, IP Bridge's decision to renege on its predecessor's FRAND commitment,
constitutes: (1) a breach of its predecessor's contractual obligations; (2) a potential antitrust
violation; and (3) patent misuse.  (D.I. 80 at 2.)

[3] In a subpoena served on June 15, 2016, TCT also requested many of the same categories of

IP Bridge took the position that any such documents, if they existed, were in the possession of Panasonic and produced nothing. (*See, e.g.*, Ex. 4 [IP Bridge's Responses to TCT's First Set of RFPs] at Nos. 1, 2, 3, 5, 12-23, 26, 45-47, 49.) To date, IP Bridge has not produced a single document relating to the inventors' work or to Panasonic's communications with SSOs concerning the Patents-In-Suit. ███████████████████████

████████████████████████████████████████████████

██████████████████

TCT also served document requests and interrogatories directed to the nature of the relationship between IP Bridge and the original assignee of the Patents-in-Suit, Panasonic Corporation (Japan). (*See, e.g.*, Ex. 3 at Request Nos. 3, 8, 45, 46; Ex. 7 [TCT's First Set of Interrogatories] at Interrogatory No. 5.). ███████████████████████

████████████████████████████████████████████████

█████████████████████████████████████

██████████████████████████ (*See, e.g.*, Ex. 4 at Requests Nos. at 3, 8, 45, 46; Ex. 8 [IP Bridge's Responses to TCT's First Set of Interrogatories] at Interrogatory No. 5.)

documents from Panasonic Corporation North America ("Panasonic N.A."), Panasonic's U.S. subsidiary. (Ex. 5 [Supboena to Panasonic N.A.].) In subsequent conversations, Panasonic N.A.'s in-house counsel (Mr. Lawrence Roach) told TCT that the documents sought were in the possession, custody and control of the company's parent, Panasonic, and that Panasonic N.A. would not obtain them for production.

███████████████████████████████████████████████
███████████████████████████████████████████████
██████████████████████████████████



IP Bridge's obstruction persisted through August 2016







*See, e.g.,*
*Acceleration Bay LLC v. Activision Blizzard, Inc.*, CV 15-228-RGA, 2016 WL 3186890, at *2
(D. Del. June 3, 2016) (dismissing plaintiff's action for lack of standing where transferor of
patent retained certain rights, meaning Plaintiff never held "all patent rights" required to bring
the infringement suit without joining the transferor).







## IV.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 26 provides that:

[7] In a separate litigation, Plaintiff has conflated the two entities by asserting that Godo Kaisha IP Bridge 1 was "formed in part to enforce the intellectual property interests of specific Japanese businesses" and supported this assertion with a declaration citing to IP Bridge, Inc.'s website. *See Godo Kaisha IP Bridge 1 v. OmniVision Techs., Inc.*, No. 1-16-cv-00290-SLR, D.I. 22 at 11 (D. Del. Aug. 10, 2016).

> Parties may obtain discovery regarding any nonprivileged matter that is ***relevant to any party's claim or defense*** and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (emphasis added).  When a party fails to cooperate in discovery, a party may move the Court for an order compelling discovery pursuant to Rule 37.  *See Id*. at 37(a)(1) ("[o]n notice to other parties and all affected persons, a party may move for an order compelling ... discovery.").  "The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."  *Id.* at 26 Advisory Committee's Note to 2015 Amendment.  "District courts have considerable discretion regarding discovery."  *Hart v. Nationwide Mut. Fire Ins. Co.*, 270 F.R.D. 166, 168 (D. Del. 2010); *Pacitti v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999) ("It is well recognized that the federal rules allow broad and liberal discovery.")  While "discovery is not without bounds," courts "should liberally construe relevancy in the discovery context."  *Parallel Networks Licensing, LLC v. Intl. Bus. Machs. Corp.*, No. 13-2072-SLR-SRF, 2015 WL 4966957, at *2 (D. Del. Aug. 20, 2015) (quoting *U.S. v. Dentsply Int'l, Inc.,* No. 00-5 MMS, 2000 WL 654286, at *4 (D. Del. May 10, 2000)); Fed. R. Civ. P. 26 Advisory Committee's Note to 1946 Amend. Subdivision (b) ("[T]he purpose of discovery is to allow a broad search for facts, the names of witnesses, or any other matters which may aid a party in the preparation or presentation of his case.")

## V.    ARGUMENT

"It is well-established that a district court may order the production of documents in the possession of a related nonparty entity under Rule 34(a) [of the Federal Rules of Civil Procedure] if those documents are under the . . . control of a party to the litigation."  *Steele Software Sys. Corp. v. DataQuick Info. Sys.*, 237 F.R.D. 561, 564 (D. Md. 2006) (citing *Societe*

*Internationale Pour Particpations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197,

204 (1958)). To determine whether IP Bridge has "control" over Panasonic documents relating

to the Patents-in-Suit, the Court must engage in a fact-specific examination of the entities'

relationship that turns on whether IP Bridge has the "legal right or ability to obtain the

documents from [Panasonic] upon demand . . . ." *See, e.g.*, *Mercy Catholic Med. Center v.*

*Thompson*, 380 F.3d 142, 160 (3rd Cir. 2004); *Afros S.P.A. v. Krauss-Maffei Corp.*, 113 F.R.D.

127, 129-32 (D. Del. 1986). "Control does not require that the party have legal ownership or

actual physical possession of the documents." *E.I. DuPont de Nemours & Co. v. Kolon Indus.,*

*Inc.*, 286 F.R.D. 288, 292 (E.D. Va. 2012) (internal quotations omitted). Nor does it require the

party to have "actual managerial power" over the affiliated entity or share any specific corporate

relationship with the affiliate. *See, e.g.*, *Afros S.P.A.*, 113 F.R.D. at 129; *accord Steele Software*

*Sys.,* 237 F.R.D. 561at 564 ("Courts are able to disregard corporate form to prevent, among

other things, 'misleading actions whereby corporations try to hide documents or make discovery

of them difficult.'") (quoting *Uniden Am. Corp. v. Ericsson, Inc.*, 181 F.R.D. 302, 305

(M.D.N.C.1998)). Rather, courts look closely to the facts and circumstances of the relationship

to assess the right or authority of the party to obtain the non-party documents.

      For instance, control exists "[w]here the relationship is thus such that the agent-

subsidiary can secure documents of the principal-parent to meet its own business needs and

documents helpful for use in the litigation, the courts will not permit the agent-subsidiary to deny

control for purposes of discovery by an opposing party." *Gerling Int'l. Ins. Co v.Comm'r of*

*Internal Revenue.*, 839 F.2d 131, 141 (3rd Cir. 1988). In *Afros S.P.A. v. Krauss-Maffei*

*Corporation*, 113 F.R.D. 127 (D. Del. 1986), for example, this Court favorably discussed a sister

court's decision recognizing that a company acting as an agent of a principal could be compelled

to produce the documents of its principal based on the nature of the agent-principal relationship, including the principal's clear interest in the outcome of the litigation.  *Id*. (citing *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 F.R.D. 16, 32 (S.D.N.Y. 1984)).  Likewise, the Third Circuit has found the requisite "control" could be imputed to ███████████████████████████████████████████ ████████ in "effecting the transaction giving rise to suit and is litigating on its behalf."  *See, e.g.*, *id*. (citing *Alimenta (U.S.A.), Inc. v. Anheuser-Busch Co.*, 99 F.R.D. 309, 313 (N.D. Ga.1983) (the sister corporate entities had "acted 'as one' in the transaction at issue" and the sister entity possessing the documents had assisted its affiliate in litigating the case)).

Important factors to consider when evaluating "control" by a party include (i) the corporate structure and financial relationship of the party and non-party, (ii) the connection of the non-party's activities to central issues of the litigation, and (iii) the degree that the non-party will benefit from the outcome of the case.  *See, e.g., Afros S.P.A.*, 113 F.R.D. at 129-32 (finding a litigating subsidiary to have control over a German parent responsible for developing and prosecuting the asserted patent); *accord Baby Jogger, LLC v. Britax Child Safety, Inc.*, No. 2:12-CV-452, 2013 WL12092292, at *2-4 (E.D. Va. Apr. 25, 2013) (finding control by one entity over a legally distinct affiliate entity based on the entities' close working relationship in designing and developing accused products central to the litigation); *Steele Software Sys.*, 237 F.R.D. 561at 563-66 (finding control between distinct entities that share a common ownership).

Here, every relevant consideration supports a finding of control.  ██████████████ ████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████████████████████ ████████████████████████████████████████████  *See, e.g., Baby Jogger, LLC*,

14

2013 WL12092292 at *2 (finding control even where entity lacked institutional or legal control).

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████████████████████████████████████████████  *see Afros,* 113 F.R.D. at

131-32 (considering the parties' level of coordination in granting motion to compel).

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████



Panasonic is also intimately connected to substantive issues central to this litigation. Notably, as the employer of the named inventors and original assignee of the Patents-in-Suit, Panasonic alone can provide crucial discovery concerning the conception, reduction to practice, development, and prosecution of the alleged inventions asserted in this action. *See Afros S.PA.,* 113 F.R.D. at 129-32. Panasonic is in the exclusive possession of some of the most critical

documents to understanding the scope, validity, and enforceability of the alleged inventions asserted here.  Panasonic alone also has documents related to its communications with SSOs and license agreements with third parties.  Thus, Panasonic is inextricably tied to this case— █████████ ████████████████████████████████████—but because of its central role in some of the most significant issues in dispute.

## VI.    CONCLUSION

For the reasons set forth above, TCT requests that the Court compel IP Bridge to produce the Panasonic documents it has withheld.

Respectfully submitted,

ROSS ARONSTAM & MORITZ LLP

*Of Counsel*:

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
Nicholas D. Mozal (#5838)

John E. Nilsson
Edward Han
Aarash A. Haghighat
ARNOLD & PORTER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C.  20001
(202) 942-5000
john.nilsson@aporter.com
edward.han@aporter.com
aarash.haghighat@aporter.com

100 S. West Street, Suite 400
Wilmington, DE  19801
(302) 576-1600
bschladweiler@ramllp.com
nmozal@ramllp.com

*Counsel for Defendant TCT Mobile (US), Inc.*

Dated:  October 13, 2016

17

## CERTIFICATE OF SERVICE

I, Benjamin J. Schladweiler, hereby certify that on October 13, 2016, a true copy of the

foregoing *Opening Brief in Support of Defendant TCT Mobile (US), Inc.'s Motion to Compel*

*Discovery* was served via electronic mail upon the following counsel of record:

Elena C. Norman
Anne Shea Gaza
Samantha G. Wilson
YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 North King Street
Wilmington, DE  19801
enorman@ycst.com
agaza@ycst.com
swilson@ycst.com

*Counsel for Plaintiff*
*Godo Kaisha IP Bridge 1*

Michael A. Jacobs
Barbara Barath
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA  94105-2482
mjacobs@mofo.com
bbarath@mofo.com

Louise C. Stoupe
Robert J. Hollingshead
Akira Irie
Pieter S. de Ganon
MORRISON & FOERSTER LLP
Shin-Marunouchi Building, 29th Floor
5-1, Marunouchi 1-Chome
Chiyoda-ku, Tokyo 100-6529, Japan
lstoupe@mofo.com
rhollingshead@mofo.com
airie@mofo.com
pdeganon@mofo.com

*Counsel for Plaintiff*
*Godo Kaisha IP Bridge 1*

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)