IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, a Chinese Corporation, TCT MOBILE -LIMITED, a Hong Kong Corporation, TCT MOBILE (US), INC., a Delaware Corporation, and TCT MOBILE, INC., a Delaware Corporation,<br><br>　　　　Defendants. | Civil Action No. 15-634-JFB-SRF<br><br>MEMORANDUM AND ORDER |

This matter is before the court on plaintiff Godo Kaisha IP Bridge 1's ("IP Bridge") objections, D.I. 294/300 (redacted), to the order of the Magistrate Judge, *see* D.I. 305/306 (redacted), Declaration of Benjamin J. Schladweiler ("Schladweiler Aff."), Exhibit ("Ex.") 1, Transcript of Hearing dated Aug. 23, 2017 (Sealed) ("Aug 23, 2017, H'rg Tr."), granting TCL Communication Technology Holdings Limited, TCL Mobile Limited, TCL Mobile (US), Inc., and TCT Mobile, Inc.'s (collectively "defendants") motion to compel the production of expert reports and deposition transcripts regarding damages from *Godo Kaisha IP Bridge 1 v. Broadcom Ltd. et al.*, Case No. 2:16-cv-00134 (E.D. Tex.) ("the *Broadcom* litigation"), *See* D.I. 272, joint motion for teleconference; D.I. 281, plaintiff's letter on discovery disputes; D.I. 282, defendants' letter on discovery disputes.

This is an action for patent infringement. IP Bridge asserts infringement of U.S. Patent Nos. 7,373,295; 8,351,538; and 8,385,239 (the "Patents-in-Suit") by TCL's sales

of mobile phones and tablets in the United States and seeks as relief, among other things, a reasonable royalty for TCL's infringement. The Patents-in-Suit relate to mobile telecommunication technology for transmitting data over the air.

"A district court may refer a nondispositive motion to a magistrate judge 'to hear and determine,'" under subparagraph (A) of § 636(b)(1). *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)(A)). Following a magistrate judge's issuance of an order on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order. *Id.*; *see* Fed. R. Civ. P. 72(a). "If a party objects to a magistrate judge's order regarding a nondispositive matter, the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *EEOC*, 866 F.3d at 99 (quoting 28 U.S.C. § 636(b)(1)(A)). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Id.*

A finding of fact can be set aside as clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007). The district court must accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

IP Bridge objects to the Magistrate Judge's finding that the "expert reports and deposition transcripts relating to damages" from the Broadcom litigation are relevant

and discoverable in this litigation. The Magistrate Judge found defendants had made a sufficient showing as to the relevance of the requested Broadcom litigation materials and found that such relief is proportional to the needs of the case. D.I. 305, Schladweiler Decl., Ex. 1, Aug. 23, 2017, Hr'g Tr. at 82. She relied in part on her reasoning in her order compelling the production by defendants of similar materials in another case involving a similar patent, *Ericsson v. TCL. Id.* at 48-52; *see also* D.I. 305, Schladweiler Decl., Ex. 2, Transcript of Hearing dated Feb. 1, 2017, at 22-30.

IP Bridge argues that the finding is clearly erroneous.[1] It contends the Broadcom case involved completely unrelated technology and the damages materials in the Broadcom case are irrelevant here. In response, defendants argue that the materials are relevant to issues of licensing and royalties.

The court finds the Magistrate Judge's decision is not clearly erroneous. Based on her familiarity with this case, the Magistrate Judge committed no clear error in determining that the damages materials from the *Broadcom* litigation involve issues relevant to this case. The court agrees that IP Bridge confuses discoverability with admissibility. For purposes of discovery, relevancy is broadly construed. *See Pacitti v. Macy's*, 193 F.3d 766, 777–78 (3d Cir. 1999) (stating "It is well recognized that the federal rules allow broad and liberal discovery.").

The expert reports and depositions materials appear tangentially relevant to IP Bridge's licensing and valuation practices. Patents at issue do not need to be identical to provide a broad understanding of a company's licensing practices. *See, e.g., High*

---

[1] IP Bridge does not argue that the Magistrate Judge's Order should be overruled as contrary to law.

*Point SARL v. Sprint Nextel Corp.*, No. CIV.A. 09-2269-CM, 2012 WL 1533213, at \*8 (D. Kan. Apr. 30, 2012). Comparable patents may be of assistance in determining a reasonable royalty rate. *See Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, No. 04 C 5312, 2007 WL 704525, at \*2 (N.D. Ill. Mar. 1, 2007). If the patents at issue are not comparable and will not give any indication of what the patents-in-suit would be worth, they will not carry weight in the final determination. *Id.* (noting that the parties resisting discovery were "getting ahead of themselves" and that "[w]e are currently dealing with discovery, not the admission or weight of any evidence[.]"). "A different standard exists for discoverability of other comparable patent licenses and the ultimate admissibility and weight to be given to the licenses at trial." *High Point SARL,* 2012 WL 1533213, at \*8.

IP Bridge raises the argument to this court that production of the materials is overly burdensome. The court finds IP Bridge has not shown that the burden imposed on it by the defendants' request to produce *Broadcom* litigation materials is any greater than the burden faced by the defendants in producing the *Ericsson* litigation materials. A review of thousands of pages of documents is not out of the ordinary for cases of this nature. Accordingly, the plaintiff's objection to the Magistrate Judge's ruling will be denied.

IT IS HEREBY ORDERED:

1. Plaintiff Godo Kaisha IP Bridge's Objection (D.I. 294/300) to Magistrate Judge's Order (D.I. 305, Ex. 1) compelling the production of Broadcom litigation materials is overruled.

4

2. Defendants TCT Communication Technology Holdings, Limited, TCT Mobile Limited, TCT Mobile (US) and TCT Mobile, Inc.'s Motion to compel the production of Broadcom litigation materials (D.I. 272, 281) is granted.

DATED this 8th day of March, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge