## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

GODO KAISHA IP BRIDGE 1,

               Plaintiff,

    v.

TCL COMMUNICATION TECHNOLOGY
HOLDINGS LIMITED, a Chinese
Corporation, TCT MOBILE LIMITED, a
Hong Kong Corporation, TCT MOBILE
(US), INC., a Delaware Corporation, and
TCT MOBILE, INC., a Delaware
Corporation,

               Defendants.

C.A. NO. 15-634-JFB-SRF

MEMORANDUM AND ORDER

This matter is before the court on objections filed by defendants TCL Communication Technology Holdings Limited, TCT Mobile (US), Inc., TCT Mobile Limited, TCT Mobile, Inc. (collectively, "defendants"), D.I. 340/343 (redacted), to the order of the Magistrate Judge dated December 14, 2017, D.I. 327/342 (redacted) granting IP Bridge's motion to compel production of financial information relevant to the plaintiff's calculation of damages, D.I. 281.

This is an action for patent infringement.  IP Bridge asserts infringement of U.S. Patent Nos. 7,373,295; 8,351,538; and 8,385,239 (the "Patents-in-Suit") by TCL's sales of mobile phones and tablets in the United States and seeks as relief, among other things, a reasonable royalty for TCL's infringement.  The Patents-in-Suit relate to mobile telecommunication technology for transmitting data over the air.

Under subparagraph (A) of 28 U.S.C. § 636(b)(1), "[a] district court may refer a nondispositive motion to a magistrate judge 'to hear and determine[.]'"  *EEOC v. City of*

*Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)(A)). Following a magistrate judge's issuance of an order on a nondispositive matter, the parties may serve and file objections to the order within 14 days of being served with a copy of the order. *Id.*; *see* Fed. R. Civ. P. 72(a). "If a party objects to a magistrate judge's order regarding a nondispositive matter, the district court 'must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.'" *EEOC*, 866 F.3d at 99 (quoting 28 U.S.C. § 636(b)(1)(A)). "This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." *Id.*

A finding of fact can be set aside as clearly erroneous when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007). The district court must accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009).

Defendants object to the Magistrate Judge's decision granting IP Bridge's motion to compel the production of certain financial discovery by defendants. Specifically, the defendants object to: (1) the Magistrate Judge's order compelling defendants to produce all monthly Invoicing Reports created between July 2015 and the date of the Magistrate Judge's order along with additional Rule 30(b)(6) deposition testimony concerning those reports; (2) the Magistrate Judge's order compelling defendants to produce documentation identifying costs for "intellectual property rights"

(or "IPR") for each accused device; and (3) the Magistrate Judge's order compelling defendants to produce data regarding the profits to Chinese TCL entities incorporated into the price of the device when it is sold to the U.S. entities. They argue none of the information that the Magistrate Judge orders produced is relevant to the plaintiff's damages analysis. They contend that the issue with respect to damages is the value of the smallest saleable patent-practicing unit, and evidence of overall profits is not relevant to that inquiry. Also, they argue the Magistrate Judge erred in ordering production of information relating to the cost of intellectual property rights for the accused devices, contending that the information would include fees for the purchase of any license related to the accused products, regardless of effects on the narrow functionality implicated by the asserted patents.

In response, IP Bridge states that that the information addressed in the order relates to actual profits made on sales of accused products which is key to the determination of a reasonable royalty. Further, the plaintiff argues that its expert has reserved the right to rely on the evidence once it is produced. Also, it argues, and the defendants do not dispute, that the information will complete and confirm the accuracy of the summarized-for-litigation sales data the defendants have provided thus far.

The court finds the Magistrate Judge's ruling is not clearly erroneous or contrary to law. The court agrees with the Magistrate Judge's conclusion that the financial information is relevant and discoverable. The defendants' arguments with respect to damages calculations—including the impact of application of a smallest saleable patent-practicing unit and/or functionality tests—may eventually determine the admissibility of the information, but does not mean the information is not discoverable. The evidence is

clearly relevant to the determination of a reasonable royalty as it relates to the defendants' actual profits from sales of the accused products. Further, the plaintiff should not be required to blindly accept attorney-generated summary spreadsheets without access to the underlying financial data. The court agrees with the Magistrate Judge's conclusion that the limited financial data the defendants produced was incomplete and unreliable in light of the defendants various and evolving explanations of the data. Accordingly, the defendants' objections to the Magistrate Judge's rulings will be overruled.

IT IS HEREBY ORDERED:

1.     Objections filed by defendants TCL Communication Technology Holdings Limited, TCT Mobile (US), Inc., TCT Mobile Limited, TCT Mobile, Inc. (D.I. 340/343) to the Magistrate Judge's Order (D.I. 327/342) are overruled.

2.     Pursuant to the Magistrate Judge's oral order dated December 20, 2017, within seven (7) days of the date of this order, defendants are ordered to produce the underlying Invoicing Reports supporting defendants' spreadsheets on the sales, profit, and loss data for the period between July 2015 and the date of this Memorandum and Order.

DATED this 8th day of March, 2018.

BY THE COURT:

 s/ Joseph F. Bataillon
Senior United States District Judge