IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

GODO KAISHA IP BRIDGE 1,

    Plaintiff,

v.

TCL COMMUNICATION TECHNOLOGY HOLDINGS LIMITED, a Chinese Corporation, TCT MOBILE -LIMITED, a Hong Kong Corporation, TCT MOBILE (US), INC., a Delaware Corporation, and TCT MOBILE, INC., a Delaware Corporation,

    Defendants.

Civil Action No. 15-634-JFB-SRF

MEMORANDUM AND ORDER

This matter is before the court on the Report and Recommendation (D.I. 360) of the Magistrate Judge on (1) plaintiff Godo Kaisha IP Bridge 1's ("IP Bridge") motion to dismiss TCT Mobile (US), Inc. and TCT Mobile, Inc.'s (together, "TCT") amended counterclaims or, in the alternative, to strike the improper joinder of Panasonic Corporation ("Panasonic"), D.I. 236; (2) counterclaim-defendant Panasonic's motion to dismiss TCT's amended counterclaims, or, in the alternative, to strike the improper joinder of Panasonic, D.I. 260; and (3) TCT's motion for leave to file a surreply in opposition to Panasonic's motion to dismiss the amended counterclaims, D.I. 275.

The Magistrate Judge found that defendant TCT failed, for a second time, to allege facts sufficient to support its claims under the Sherman Act. She recommends dismissing TCT's antitrust claim with prejudice, finding that amendment would be futile. No objections to the report and recommendation have been filed.

The Supreme Court has construed the statutory grant of authority conferred on magistrate judges under 28 U.S.C. § 636 to mean that nondispositive pretrial matters are governed by § 636(b)(1)(A) and dispositive matters are covered by § 636(b)(1)(B). *Gomez v. United States*, 490 U.S. 858, 873-74 (1989); *see also* Fed. R. Civ. P. 72(a). Under subparagraph (B), a district court may refer a dispositive motion to a magistrate judge "to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition." 28 U.S.C. § 636(b)(1)(B); *see EEOC v. City of Long Branch*, 866 F.3d 93, 99–100 (3d Cir. 2017). The product of a magistrate judge, following a referral of a dispositive matter, is often called a "report and recommendation." *Id.* "Parties 'may serve and file specific written objections to the proposed findings and recommendations' within 14 days of being served with a copy of the magistrate judge's report and recommendation." *Id.* (quoting Fed. R. Civ. P. 72(b)(2)).

"If a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *EEOC*, 866 F.3d at 99 (quoting 28 U.S.C. § 636(b)(1)). If a party does not object timely to a magistrate judge's report and recommendation, the party may lose its right to de novo review by the district court. *Id.* However, "because a district court must take some action for a report and recommendation to become a final order and because '[t]he authority and the responsibility to make an informed, final determination . . . remains with the judge,' even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the

report.'" *Id.* (quoting *Mathews v. Weber*, 423 U.S. 261, 271 (1976) and *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)). The district court must give "reasoned consideration" to the report and recommendation. *Id.* at 100.

The court has conducted given reasoned consideration to the report and recommendation and finds that it should be adopted. Accordingly,

IT IS ORDERED:

1. The report and recommendation of the Magistrate Judge (D.I. 360) is adopted.

2. Plaintiff IP Bridge's motion to dismiss the amended counterclaims with prejudice and to strike the improper joinder of Panasonic (D.I. 236) is granted.

3. Panasonic's motion to dismiss (D.I. 260) and TCT's motion for leave to file a sur-reply in opposition to Panasonic's motion (D.I. 275) are denied as moot.

DATED this 8th day of March, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge