IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GODO KAISHA IP BRIDGE 1, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-634-JFB-SRF |
| | ) | |
| TCL COMMUNICATION TECHNOLOGY | ) | |
| HOLDINGS LIMITED, a Chinese | ) | |
| Corporation, TCT MOBILE LIMITED, a | ) | |
| Hong Kong Corporation, TCT MOBILE | ) | ~~UNDER SEAL~~ |
| (US), INC., a Delaware Corporation, and | ) | unsealed 7/12/18 |
| TCT MOBILE, INC., a Delaware | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 27th day of **June, 2018**, the court having considered the letter briefs, arguments presented by the parties, status report, and prior court decisions regarding plaintiff Godo Kaisha IP Bridge 1's ("IP Bridge") motion to compel defendants TCL Communication Technology Holdings Ltd. ("TCL Holdings"), TCT Mobile Limited ("TCT Hong Kong"), TCT Mobile (US), Inc., and TCT Mobile Inc. (collectively, "defendants") to: (1) produce the invoicing reports, (2) present a 30(b)(6) deponent to testify regarding the invoicing reports, (3) make its SAP system available for inspection by IP Bridge and its expert, and (4) reimburse IP Bridge for all costs associated with the fifth round of briefing on this issue[1] (D.I. 281; D.I. 282; D.I. 285; D.I. 286; D.I. 295; D.I. 307; D.I. 311; D.I. 327; D.I. 340; D.I. 347; D.I. 376; D.I. 379;

---

[1] IP Bridge further requests that the undersigned judicial officer issue a recommendation to Judge Bataillon regarding an adverse inference jury instruction to address defendants' purported destruction of evidence. (D.I. 421 at 4)

D.I. 394; D.I. 396; D.I. 421; D.I. 422; 8/23/17 Tr.; 3/29/18 Tr.; 4/16/18 Tr.), IT IS HEREBY ORDERED that IP Bridge's motion to compel is granted-in-part.

**1. Background.** IP Bridge commenced this patent infringement action on July 24, 2015 against defendants TCL Holdings, TCT Hong Kong, and TCT Mobile (US), Inc. (D.I. 1) On July 11, 2016, the parties entered into a joint stipulation to amend the pleadings to add TCT Mobile, Inc. as a defendant. (D.I. 62) The amended complaint asserts causes of action for infringement of U.S. Patent Nos. 7,373,295 ("the '295 patent"), 8,351,538 ("the '538 patent"), and 8,385,239 ("the '239 patent"), which are directed to technology declared essential to one or more of the W-CDMA and LTE telecommunication standards. (D.I. 63 at ¶¶ 27-48)

**2.** The discovery dispute presently before the court concerns IP Bridge's request to compel defendants to produce the invoicing reports identified during the June 22, 2017 deposition of James Wodach, who was designated to testify regarding revenues from sales of the accused products. (D.I. 281, Ex. 10; D.I. 307, Ex. 2) On August 23, 2017, the court held a discovery dispute teleconference, during which IP Bridge challenged the adequacy of defendants' production of financial documents under the court's February 27, 2017 Memorandum Order. (8/23/17 Tr.)

**3.** On December 14, 2017, the court issued a Memorandum Order compelling defendants to produce the invoicing reports identified during the deposition of Mr. Wodach by December 21, 2017. (D.I. 327 at ¶ 7) The court's Memorandum Order was upheld over defendants' objections in a March 8, 2018 Memorandum Order by Judge Bataillon. (D.I. 376) Defendants subsequently represented that they would produce the invoicing reports by March 15, 2018. (D.I. 379 at 3)

**4.** On March 15, 2018, defendants produced a single spreadsheet drawn from the SAP database that included invoicing data through June 8, 2017. (D.I. 394, Exs. B & C) In communications with counsel and during a March 29, 2018 status conference with the court, defendants represented that they were investigating whether the monthly invoicing reports still existed. (*Id.*, Ex. D at 1; 3/29/18 Tr. at 11:9-24)

**5.** On April 11, 2018, defendants produced two monthly invoicing reports received by Mr. Wodach covering the period from January 2016 to October 2017. (4/16/18 Tr. at 6:13-18; D.I. 423, Exs. A & B) During the April 16, 2018 hearing on this issue, defendants informed the court that they had not been able to find monthly invoicing reports beyond the two Excel files from 2018, which were already produced. (4/16/18 Tr. at 13:6-14:18)

**6.** On May 17, 2018, IP Bridge took the deposition of Keiki Rodriguez, the Vice President of Supply Chain and Operation for defendant TCT Mobile (US), Inc. (D.I. 421, Ex. D) During his deposition, Mr. Rodriguez testified that he received and maintains weekly invoicing reports containing the relevant data. (*Id.* at 37:21-39:11) Mr. Rodriguez confirmed that the invoicing report files he received are different from the ones identified by Mr. Wodach and contain fewer columns of data. (D.I. 422, Ex. L at 183:23-184:17) Defendants produced copies of the sample weekly reports received by Mr. Rodriguez on May 23, 2018. (D.I. 423, Exs. E, G, I, K)

**7. Analysis.** IP Bridge's request for production of the monthly invoicing reports is denied. The production made by defendants to date is sufficient to satisfy IP Bridge's request, and defendants have achieved compliance with the court's Memorandum Orders. (D.I. 327; D.I. 376) The record reflects that twenty-two of Mr. Wodach's monthly invoicing reports for the period between January 2016 and October 2017 have been produced. (D.I. 423, Exs. A & B)

The record further establishes that Mr. Wodach left his employment with the defendants in late 2017. (D.I. 421, Ex. A at 12:16-22; D.I. 422, Ex. L at 57:3-8) However, defendants pulled and produced full invoicing data from the SAP database pertaining to all U.S. sales between 2015 and March 2018 in accordance with the time frame set forth in the court's Memorandum Orders, which includes the eleven months of invoicing reports not located in Mr. Wodach's documents. (D.I. 423, Ex. C; D.I. 327 at ¶ 7; D.I. 376 at 4)

**8.** IP Bridge seeks the production of invoicing reports from Mr. Rodriguez based on his deposition testimony indicating that he received the invoicing reports in the ordinary course of business on a weekly or bi-weekly basis. (D.I. 421 at 2; Ex. D at 37:1-38:22) However, defendants' production of a sampling of Mr. Rodriguez's invoicing reports illustrates that these reports differed in significant ways from the reports received by Mr. Wodach and the full SAP data produced by defendants. (D.I. 423, Exs. E, G, I, K) Specifically, the reports received by Mr. Rodriguez do not contain total gross price information or net sales, or other cost or profit information which formed the basis of IP Bridge's request for the invoicing reports in the first instance. (*Id.*; *see also* Exs. A-C; D.I. 422, Ex. L at 171:24-173:18 (explaining gross price and net sales)) Mr. Rodriguez's deposition testimony confirms this point. (D.I. 422, Ex. L at 32:19-33:3; 175:23-176:7; 182:22-184:17) ("I receive basically the first version of it, which is up to column AQ. Then, as I was saying, finance, Ashley, starts probably from AV until the end of the file with that information. That file I don't receive it because she already sends it directly to – to headquarters.")[2] IP Bridge's request for production of Mr. Rodriguez's invoicing reports is

---

[2] Mr. Rodriguez explained that his team generated data through column AQ on the spreadsheet before sending it to the finance team, and the finance team would then input data from column AV to column CA. (D.I. 422, Ex. L at 183:4-12) The remaining columns not included in the reports received by Mr. Rodriguez contain data regarding net sales and gross price. (D.I. 423, Ex. C) The full spreadsheet produced from the SAP database contains columns labeled through DM. (*Id.*)

4

denied because IP Bridge has failed to establish that those reports contain the requested cost or profit information, and that the production of those reports would not be wholly duplicative of the information contained in the full SAP database spreadsheet produced by defendants.

**9.** IP Bridge's request for supplemental 30(b)(6) deposition testimony from Mr. Rodriguez is denied as moot as a result of the court's denial of the motion to compel production of the remaining monthly invoicing reports. The purpose of IP Bridge's request is to obtain additional 30(b)(6) testimony after the requested invoicing reports are produced. (D.I. 421 at 4) (requesting that defendants "provide Mr. Rodriguez for additional 30(b)(6) testimony once those reports have been produced"). IP Bridge does not point to deficiencies in Mr. Rodriguez's May 17, 2018 deposition testimony based on the documents that had been produced at that time. Mr. Rodriguez's deposition transcript reflects that he was able to adequately testify regarding the creation and maintenance of records in the SAP database, and the significance of the content in each data column. (D.I. 422, Ex. L at 32:12-39:11; 168:8-200:23)

**10.** IP Bridge's request to inspect defendants' SAP database is granted. IP Bridge has long questioned the veracity of the information produced in the attorney-generated spreadsheets, given apparent discrepancies in the data. (D.I. 327 at ¶ 9) Permitting the inspection will enable IP Bridge to verify the scope and accuracy of the data first-hand. IP Bridge has indicated that this relief would be an acceptable substitute for the production of the remaining monthly invoicing reports from Mr. Wodach, in light of defendants' position that the remaining reports do not exist elsewhere. (4/16/18 Tr. at 12:11-20) The court expects that, with this relief, the issue regarding the sufficiency of the invoicing report production will have closure. The parties are to meet and confer within one week from the date of this Memorandum Order on the logistics and procedure for IP Bridge's inspection of the SAP database to ensure that the inspection is focused

and targeted to the review and production of SAP spreadsheets responsive to the information IP Bridge is seeking to obtain from the invoicing reports.

11. IP Bridge's request for sanctions in the form of fee shifting is denied. The record reflects that, while defendants objected to the production of the invoicing reports, defendants made good faith efforts to collect and produce the requested data following the court's March 8, 2018 Memorandum Order. IP Bridge's remaining challenge is rooted in verifying the accuracy of the data produced, rather than the scope of the production. The court's ruling permitting the inspection of the SAP database provides IP Bridge with an avenue to verify the accuracy of the data produced. Consequently, fee shifting is not necessary at the moment.

12. IP Bridge's request for an adverse inference jury instruction is likewise denied without prejudice. Rule 37(e)(2) provides as follows:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court . . . only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may . . . (B) instruct the jury that it may or must presume the information was unfavorable to the party . . . .

Fed. R. Civ. P. 37(e)(2)(B). The record before the court demonstrates that, while defendants' document custodians may not currently possess every responsive invoicing report during the relevant time period, defendants maintained all of the data in the SAP database. (D.I. 423, Ex. C) Moreover, defendants produced the majority of the monthly invoicing reports received by Mr. Wodach, who was no longer employed by the defendants during the last several months of the requisite time period. (*Id.*, Exs. A & B) These facts contradict IP Bridge's assertion that defendants intentionally acted to deprive IP Bridge of the information's use. Defendants' production of the spreadsheet from the SAP database containing all invoicing and sales data from

2015 through March 2018 establishes that the monthly invoicing reports have been replaced with more comprehensive data.

13. Defendants' request for fee shifting on the pending application, based on the assertion that IP Bridge intentionally misrepresented the record in its opening submission, is also denied. (D.I. 422 at 1 n.1)

15. **Conclusion.** In view of the foregoing analysis, IP Bridge's motion to compel production of the invoicing reports is denied, its request for supplemental 30(b)(6) deposition testimony is denied, its request for an inspection of the SAP database is granted, and its request for sanctions in the form of fee shifting on the present application and/or an adverse inference jury instruction is denied. Defendants' application for fee shifting on the present application is also denied.

16. Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Order under seal, pending review by the parties. In the unlikely event that the parties believe that certain material in this Memorandum Order should be redacted, the parties should jointly submit a proposed redacted version by no later than **July 9, 2018**. The court will subsequently issue a publicly available version of its Memorandum Order.

17. This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to ten (10) pages each.

**18.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE