# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GODO KAISHA IP BRIDGE 1, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civ. No. 15-634-JFB |
| | ) |
| TCL COMMUNICATION | ) |
| TECHNOLOGY HOLDINGS | ) |
| LIMITED, *A Chinese Corporation*, | ) |
| TCT MOBILE LIMITED, *a Hong* | ) MEMORANDUM & ORDER |
| *Kong Corporation*, TCT | ) |
| MOBILE (US), INC., *A Delaware* | ) |
| *Corporation*, and TCT MOBILE, INC., | ) |
| *A Delaware Corporation*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court on a motion for judgment as a matter of law filed by defendants TCL Communication Technology Holdings Limited, TCT Mobile (US), Inc., TCT Mobile Limited, and TCT Mobile, Inc. (collectively, "TCL") (D.I. 502).[1]

## I.    BACKGROUND

TCL renews its motion for judgment as a matter of law (JMOL) of noninfringement and invalidity under Federal Rule of Civil Procedure 50(b). This action was tried to a jury from October 30, 2018, to November 8, 2018, on IP Bridge's claim that TCL's accused mobile phone devices infringed claims 9 and 12 of U.S. Patent No. 8,385,239 ("the '239 patent") and claims 15 and 16 of U.S. Patent No. 8,351,538 ("the '538 patent"). The jury found that TCL infringes all four asserted claims, found all four claims valid, and awarded damages in the amount of $950,000 for both patents. D.I. 487, Jury Verdict (sealed).

---

[1] The parties request oral argument on the motion (D.I. 524 and 525), but the Court finds it is not necessary.

TCL first argues that a judgment of non-infringement should be granted under Rule 50(b). It contends that IP Bridge failed to prove that each and every one of the requirements of the asserted claims were met by the accused products and argues that that the narrow exception to the requirements for proving infringement carved out in *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321 (Fed. Cir. 2010), does not apply here.[2] It argues that IP Bridge showed merely that the asserted claims were essential to the LTE standard, which was never contested. It relies on the testimony of IP Bridge's expert, Dr. Paul Min, contending that he stated that an express limitation of the claims was not really required. For the '538 patent, it points to Dr. Min's testimony that there must be code somewhere that met the limitation in question (the "orthogonality" limitation) and his purported failure to identify the limitation. TCL contends Dr. Min's analysis was insufficient as a matter of law to prove literal infringement and because IP Bridge's showing of literal infringement was based only on Dr. Min's analysis, the jury's literal infringement finding verdict should be set aside and judgment should be entered in TCL's favor.

TCL also contends that it is entitled to a judgment of invalidity of the '239 patent, arguing it proved by clear and convincing evidence that the asserted claims were obvious. It argues that IP Bridge's arguments as to the non-obviousness of the '538 patent lack merit. TCL contends that its expert's testimony regarding the scope and content of the

---

[2] In *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010), the Federal Circuit court of Appeals found that

> if an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product . . . . An accused infringer is free to either prove that the claims do not cover all implementations of the standard or to prove that it does not practice the standard.

*Id.*

2

prior art; the differences between the claimed invention and the prior art; and the level of ordinary skill in the art were unrebutted by IP Bridge and it further contends IP Bridge provided no evidence of any secondary considerations (or objective indicia) of non-obviousness. Instead, it argues that IP Bridge's arguments are insufficient as a matter of law to defeat the TCL's asserted combinations and contends a judgment of invalidity as a matter of law should be entered in TCL's favor.

In opposition, IP Bridge argues that the jury's findings are supported by sufficient evidence.

II. LAW

    A. Standard of Review

The law of the regional circuit—here the Third Circuit—governs the standards for deciding motions for JMOL under Fed. R. Civ. P. 50(b) and new trial under Fed. R. Civ. P. 59(a). *See* *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1325 (Fed. Cir. 2016); *Leader Techs., Inc. v. Facebook, Inc.*, 678 F.3d 1300, 1305 (Fed. Cir. 2012). Under Rule 50(b), in ruling on a renewed motion, "the court may: (1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." Fed. R. Civ. P. 50(b). A judgment as a matter of law is appropriate when "the verdict is not supported by legally sufficient evidence." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993). In the Third Circuit, a "court may grant a judgment as a matter of law contrary to the verdict only if 'the record is critically deficient of the minimum quantum of evidence' to sustain the verdict." *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 211 (3d Cir. 2009) (quoting *Gomez v. Allegheny Health Servs., Inc.*, 71 F.3d 1079, 1083 (3d Cir.1995)).

"In considering that issue the court 'may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version.'" *Id.* (quoting *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir.1993)). "Entry of judgment as a matter of law is a 'sparingly' invoked remedy, granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007) (citation omitted). A renewed post-verdict JMOL motion under Federal Rule of Civil Procedure Rule 50(b) "may not be made on grounds not included in the earlier [Rule 50(a)] motion." *Duro-Last, Inc. v. Custom Seal, Inc.*, 321 F.3d 1098, 1105 (Fed. Cir. 2003).

### B. Infringement

To prove literal infringement, a patent owner must prove that every element of the claim is present in the accused device. *Warner-Jenkinson v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997). "If an accused product operates in accordance with a standard, then comparing the claims to that standard is the same as comparing the claims to the accused product." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d at 327. "An accused infringer is free to either prove that the claims do not cover all implementations of the standard or to prove that it does not practice the standard." *Id.* However, if the relevant section of the standard is optional rather than mandatory, it would not be sufficient for the patent owner to establish infringement by arguing that the product admittedly practices the standard. *Id.*

### C. Invalidity — Obviousness

To be patent-eligible, an invention must not have been obvious to a skilled artisan at the time of invention. See 35 U.S.C. § 103. "Whether a patent is invalid as obvious is ultimately a determination of law based on underlying determinations of fact." *Geo. M. Martin Co. v. All. Mach. Sys. Int'l LLC*, 618 F.3d 1294, 1300 (Fed. Cir. 2010). A legal determination of obviousness must be based on four factual inquiries: "1) the scope and content of the prior art; 2) the level of ordinary skill in the art; 3) the differences between the claimed invention and the prior art; and 4) secondary considerations of nonobviousness[.]" *Ruiz v. A.B. Chance Co.*, 234 F.3d 654, 662–63 (Fed. Cir. 2000). "[A] patent composed of several elements is not proved obvious merely by demonstrating that each of its elements was, independently, known in the prior art." *KSR Int'l Co. v. Teleflex Inc.*, 550 U.S. 398, 418 (2007). Rather, "[a] party seeking to invalidate a patent on obviousness grounds must demonstrate by clear and convincing evidence that a skilled artisan would have been motivated to combine the teachings of the prior art references to achieve the claimed invention, and that the skilled artisan would have had a reasonable expectation of success in doing so." *InTouch Techs., Inc. v. VGO Commc'ns, Inc.*, 751 F.3d 1327, 1347 (Fed. Cir. 2014). This analysis, known as the "teaching, suggestion, or motivation" test, must be "expansive and flexible," and not "rigid." *KSR*, 550 U.S. at 407.

III. DISCUSSION

    A.    Infringement

The Court has reviewed the evidence submitted in support of and opposition to the motion (D.I. 506, 515, 522, and 523 (sealed)). The Court agrees with IP Bridge that substantial evidence supports the jury's finding that the TCL infringes the asserted claims

of the patents at issue. The jury was instructed that to recover on its claim of direct infringement by literal infringement,

> IP Bridge must prove by a preponderance of the evidence that TCL made, used, sold, offered for sale within, or imported into the United States a product that meets all of the requirements of the invention defined in a claim and did so without the permission of IP Bridge during the time the '239 and/or the '538 patent was in force.
>
> You must compare the Accused Products with each and every one of the requirements of a claim to determine whether the requirements of that claim are met. You must determine whether or not there is infringement separately for each asserted claim.

D.I. 481, Initial Jury Instructions, Instruction No. 19.

The jury's verdict is supported by the testimony of the plaintiff's expert, Dr. Min, record evidence, and the concessions and admissions of the defendant's expert, Dr. Wicker. At trial, Dr. Min testified that: (1) the asserted claims are essential to mandatory (not optional) functionality of the LTE standard (i.e., functionality that must be performed by any device that complies with the LTE standard); and (2) the accused products comply with the LTE standard. TCL did not present evidence to counter that showing. Dr. Min identified mandatory requirements of the LTE standard and explained how the mandatory portions relate to and practice the elements of the asserted claims. In essence, he testified that if functionality is mandatory, a device that is capable of connecting to an LTE network must have that functionality and explained that there is no way to implement the LTE standard without practicing each of the asserted claims. He stated that he analyzed extensive TCL documents, including user manuals, compliance matrices, certificates of compliance, and source code, to determine that the accused products practice the LTE standard.

Also, IP Bridge did not merely present evidence of infringement based on the LTE standard under *Fujitsu*, Dr. Min also testified that he analyzed the source code and confirmed that the accused products operate consistently with the relevant portions of the LTE standard, and thus infringe. TCL's focus on isolated testimony from Dr. Wicker that arguably favors its position on noninfringement is misplaced. Questions from the jury show that it considered Dr. Wicker's opinion and considered dependent as well as independent claims. D.I. 484, 485, and 486, Jury Questions. The jury was entitled to credit Dr. Min's testimony and—as it did—to reject Dr. Wicker's opinion. That there is some evidence of record that may support TCL's position is not sufficient to overturn a jury's verdict.

With respect to the '239 patent, Dr. Min proffered evidence that the accused products practice the "multiplexing mode" limitation of the asserted claims. Dr. Min also testified that the accused products meet the "orthogonal sequences" limitation of the '538 patent (i.e., that the spreading orthogonal sequences are selected "from a plurality of orthogonal sequences"). Dr. Wicker did not dispute that testimony.

TCL's reliance on testimony from Dr. Wicker and a Qualcomm engineer that purportedly shows that the source code stores 0s and 1s, rather than the 1s and -1s required by the LTE standard, is also misplaced. The jury obviously credited Dr. Min's testimony that in order to function on an LTE network, the accused products—indeed, all LTE devices—are required to use 1s and -1s.

The Court declines to supplant the jury's determinations of credibility. Accordingly, the Court finds TCL has not shown that there is insufficient evidence to support the jury's finding that TCL infringed the asserted claims of the asserted patents.

B.  Invalidity

Further, the Court finds that TCL has not shown that it is entitled to judgment as a matter of law on invalidity. The jury was instructed that in order to find invalidity by obviousness, it must find that TCL established, by clear and convincing evidence that "that the claimed invention would have been obvious to persons having ordinary skill in the art at the time the invention was made" and that "obviousness may be shown by considering one or more than one item of prior art." D.I. 481, Jury Instructions, Instruction No. 28. The jury was also instructed to consider the following factors to determine whether TCL had established that the claimed invention was obvious:

1. the scope and content of the prior art relied upon by TCL;

2. the difference or differences, if any, between each claim of the Asserted Patents that TCL contends is obvious and the prior art;

3. the level of ordinary skill in the art at the time the invention of the Asserted Patents was made; and

4. additional considerations, known as objective indicators, if any, that indicate that the invention was obvious or not obvious.

*Id.* Further, the Court instructed the jury to perform a separate analysis for each of the claims. *Id.*

The record shows there were several independent grounds on which a reasonable jury could have based its determination that TCL failed to meet its heavy burden of proving by clear and convincing evidence that the asserted claims are obvious. Based on the evidence adduced at trial, a reasonable jury could have concluded either: (1) that TCL had not shown that Kim '168 is prior art to the '239 patent;[3] (2) that TCL had not shown

---

[3] For Kim '168 to be prior art to the '239 patent, TCL was required to show that Kim '168 is entitled to the February 3, 2008 priority date of its provisional application ("Kim '808 provisional"), which comes before the priority date of the '239 patent. To do that, it had to show that the claims of Kim '168 are supported by the Kim '808 provisional application and the portions of Kim '168 relied upon by TCL for invalidity are

8

that a person of ordinary skill in the art would have been motivated to combine Kim '168 and Kim '201; or (3) that TCL had not shown that the combination of Kim '168 and Kim '201 would render all the limitations of the '239 patent asserted claims obvious. Dr. Min testified that neither the claims of Kim '168 nor the portions of Kim '168 relied on by TCL for invalidity are supported by the Kim '808 provisional application, and thus Kim '168 is not prior art. Although Dr. Wicker testified at trial that a person of ordinary skill in the art would have been motivated to combine prior art shown in the Kim '168 and Kim '201 references, that testimony is controverted by Dr. Min. In rebuttal, Dr. Min took the position that, because the inventors of the Kim patent references filed two separate patent applications, as opposed to a single combined patent application, a person of ordinary skill in the art would not have been motivated to combine the Kim patent references. Dr. Min testified that a person of ordinary skill in the art would not have been motivated to combine Kim '168 and Kim '201 in view of their fundamentally different approaches to sending CQI. The jury obviously credited Dr. Min's, as it was entitled to do.

Similarly, there were independent grounds for the jury's determination that TCL failed to prove by clear and convincing evidence that the asserted claims of the '538 were obvious based on the combination of prior art references relied on by TCL. Although Dr. Wicker testified that 3GPP TSG RAN WG1 #49 R1-072857 ("the first Texas Instruments paper"), 3GPP TSG RAN WG1 #49 R1-072212 ("the second Texas Instruments paper"), and U.S. Patent No. 8,005,153 ("Muharemovic"), in combination, disclosed every element of the asserted claims of the '538 patent, the jury was free to reject that testimony. The jury could credit the testimony of Dr. Min that the references did not disclose elements of

---

supported by the Kim '808 provisional application. See *Dynamic Drinkware, LLC v. Nat'l Graphics, Inc.*, 800 F.3d 1376, 1381 (Fed. Cir. 2015).

the asserted claims and that a person of ordinary skill in the art would not have been motivated to combine the prior art references. Again, the jury was free to credit IP Bridge's evidence over that presented by TCL.

Again, the Court will not the jury's credibility determinations. TCL has not shown that it is entitled to a judgment of invalidity. The record supports the jury's conclusion that TCL did not prove by clear and convincing evidence that the asserted claims of the asserted patents are invalid. Accordingly,

IT IS ORDERED that:

1. The defendants' motion for judgment as a matter of law (D.I. 502) is denied.

2. A final judgment on the verdict will be entered.

Dated this 24th day of April, 2019.

BY THE COURT:

s/ Joseph F. Bataillon  
Senior United States District Judge