IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Godo Kaisha IP Bridge 1,<br><br>                    Plaintiff,<br>   v.<br><br>TCL Communication Technology Holdings Limited, *a Chinese Corporation*, TCT Mobile Limited, *a Hong Kong Corporation*, TCT Mobile (US), Inc., *a Delaware Corporation*, and TCT Mobile, Inc., *a Delaware Corporation*,<br><br>                    Defendants. | C.A. No. 15-634-JFB-SRF |

**JOINT MOTION TO SEAL AND REDACT**
**PORTIONS OF THE TRIAL TRANSCRIPTS (DAYS 2-7)**

Pursuant to Rule 5.2 of the Federal Rules of Civil Procedure and this Court's Policy on the Electronic Availability of Transcripts of Court Proceedings, Plaintiff Godo Kaisha IP Bridge 1 ("IP Bridge") and Defendants TCL Communication Technology Holdings Limited, TCT Mobile Limited, TCT Mobile (US), Inc., and TCT Mobile, Inc. (collectively, "TCL"), by and through their undersigned counsel, hereby submit this joint motion to redact limited portions of the transcripts of the trial held from October 30, 2018 to November 8, 2018, specifically, Trial Days 2-7 (D.I. 552-557) before Judge Joseph F. Bataillon in this action, and to seal the original unredacted transcripts. IP Bridge filed a Notice of Intent to Redact the Trial Transcripts on October 29, 2019 (D.I. 560), and TCL filed a Notice of Intent to Redact the Trial Transcripts on October 30, 2019 (D.I. 561).

The parties' proposed redactions to those transcripts are attached hereto as Exhibits A-F. An unredacted copy of the relevant portions is attached hereto as Exhibits 1-5 (filed separately under seal, with proposed redactions highlighted).

The parties' proposed redactions to the transcripts of Trial Days 2-7 are narrowly tailored and apply only to: (1) the terms of certain non-public agreements between IP Bridge and Panasonic and other confidential licensing efforts by IP Bridge ("IP Bridge's Confidential Information"); and (2) information subject to third party confidentiality obligations ("Third Party Confidential Information"), including Qualcomm source code and the existence and terms of certain non-public agreements between IP Bridge and third parties. IP Bridge's Confidential Information and Third Party Confidential Information are the same type of information previously filed under seal by the parties. The proposed redactions are from those portions of the trial where the Court had ordered the courtroom sealed in order to protect the confidentiality of the IP Bridge Confidential Information and the Third Party Confidential Information.

The parties' proposed redactions are also consistent with controlling precedent in the Third Circuit. The public's access to judicial proceedings and records is "not absolute." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978). The Third Circuit has held that courts may exercise inherent supervisory power to deny access to judicial proceedings and records, for example, "where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

Redaction of a judicial transcript is appropriate where "good cause" is shown. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994). "Assessing whether good cause exists to [redact] a judicial transcript generally involves a balancing process, in which courts weigh the

harm of disclosing information against the importance of disclosure to the public." *Mosaid Techs., Inc. v. LSI Corp.*, 878 F. Supp. 2d 503, 508 (D. Del. 2012) (citing *Pansy*, 23 F.3d at 787).

The existence and nature of IP Bridge's contractual relationship with Panasonic as well as IP Bridge's efforts to license its intellectual property to other parties is proprietary information of IP Bridge. IP Bridge frequently licenses its patents to third parties and relies primarily on a licensing revenue business model. Publicly revealing the substantive terms of confidential agreements between IP Bridge and Panasonic, as well as the nature of IP Bridge's relationship with Panasonic, would reveal aspects of IP Bridge's non-public financial and business model and licensing strategies, placing IP Bridge at a competitive disadvantage by allowing potential counterparties to gain insight into IP Bridge's business practices and thereby impact the negotiation of future license agreements. For the same reasons, disclosure of the identities and terms of confidential licensing negotiations and agreements with other third parties would also place IP Bridge at a competitive disadvantage. *See Littlejohn*, 851 F.3d at 678 (denying access to judicial records permissible where disclosure would harm competitive standing); *Mosaid Techs.*, 878 F. Supp. 2d at 510 (agreeing that if confidential information and licensing strategy were disclosed, "competitors and potential licensing targets [would gain] access to . . . pricing, finances, and patent valuation . . . [which] could [be] use[d] to undercut . . . future licensing negotiations" (internal quotation omitted)).

Furthermore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court entered a Protective Order in this action on October 4, 2016, which is intended to protect trade secrets, confidential or proprietary research, development, technical, financial, strategic, customer, or commercial information. D.I. 104. IP Bridge's Confidential Information and the Third Party Confidential Information is precisely the type of proprietary information protected

under the Protective Order. Consistent with the Protective Order, IP Bridge produced agreements with Panasonic and other third parties to Defendants on a "Highly Confidential – Outside Attorneys' Eyes Only" basis (whether under the terms of the Protective Order or pursuant to D. Del. LR 26.2). Additionally, all Qualcomm source code was designated by third party Qualcomm as "Qualcomm – Outside Attorneys' Eyes Only – Confidential Source Code" pursuant to the Supplemental Protective Order in this case. *See* D.I. 174. This information was disclosed only during those times where the courtroom was ordered sealed. The parties' request to redact the foregoing information from the transcripts of Trial Days 2-7 is consistent with the provisions of the Protective Order, which allow for information "that is especially sensitive and could cause significant competitive harm if disclosed to an authorized person," including "highly sensitive corporate strategy data" and "other highly Confidential . . . financial information" to be designated as Highly Confidential and, *inter alia*, filed under seal. D.I. 104 §§ 2.7, 15.3.

By contrast, the public does not have a strong interest in viewing IP Bridge's Confidential Information and the Third Party Confidential Information. This case involves private parties and not public figures, which weighs in favor of redaction. *Pansy*, 23 F.3d at 787. Furthermore, information related to IP Bridge's non-public contracts and the way in which IP Bridge structures and conducts its business does not implicate public health or safety. *Id*. Moreover, the courtroom was sealed during the portions of the trial IP Bridge moves to redact. Ultimately, the public's interest in viewing IP Bridge's Confidential Information and the Third Party Confidential Information, if any, is greatly outweighed by the harm to IP Bridge and the third parties attendant with any public disclosure of that information.

Based on the foregoing, the parties respectfully submit that their limited redactions to the transcripts of Trial Days 2-7 are appropriate and that good cause exists for the unredacted transcript to remain under seal.

For the reasons stated herein, the parties respectfully request that the Court enter an order, substantially similar to the Proposed Order attached hereto, granting their Joint Motion to Seal and Redact Portions of the Trial Transcripts (Days 2-7).

| | |
|---|---|
| Dated: November 14, 2019 | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
| Of Counsel: | |
| | /s/ *Samantha G. Wilson* |
| James R. Batchelder | Elena C. Norman (No. 4780) |
| **ROPES & GRAY LLP** | Anne Shea Gaza (No. 4093) |
| 1900 University Avenue, 6th Floor | Samantha G. Wilson (No. 5816) |
| East Palo Alto, CA 94303-2284 | Rodney Square |
| (650) 617-4000 | 1000 North King Street |
| *james.batchelder@ropesgray.com* | Wilmington, DE 19801 |
| | (302) 571-6600 |
| Steven Pepe | enorman@ycst.com |
| Kevin J. Post | agaza@ycst.com |
| Alexander E. Middleton | swilson@ycst.com |
| Matthew R. Shapiro | |
| **ROPES & GRAY LLP** | *Attorneys for Plaintiff Godo Kaisha IP Bridge 1* |
| 1211 Avenue of the Americas | |
| New York, NY 10036-8704 | |
| (212) 596-9000 | |
| *steven.pepe@ropesgray.com* | |
| *kevin.post@ropesgray.com* | |
| *alexander.middleton@ropesgray.com* | |
| *matthew.shapiro@ropesgray.com* | |
| | |
| Samuel L. Brenner | |
| **ROPES & GRAY LLP** | |
| Prudential Tower | |
| 800 Boylston Street | |
| Boston, MA 02199-3600 | |
| (617) 951-7000 | |
| *samuel.brenner@ropesgray.com* | |

OF COUNSEL:

John E. Nilsson
Edward Han
Nicholas M. Nyemah
Krithika Santhanam
Andrew Tutt
Arnold & Porter Kaye Scholer LLP
601 Massachusetts Avenue, N.W.
Washington, D.C.  20001
(202) 942-5000
john.nilsson@apks.com
ed.han@apks.com
nicholas.nyemah@arnoldporter.com
krithika.santhanam@arnoldporter.com
andrew.tutt@arnoldporter.com

Nicholas Lee
Arnold & Porter Kaye Scholer LLP
777 South Figueroa Street
44th Floor
Los Angeles, CA  90017
(213) 243-4156
nicholas.lee@arnoldporter.com

Michael D.K. Nguyen
Arnold & Porter Kaye Scholer LLP
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA  94306
(650) 319-4500
michael.nguyen@arnoldporter.com

*/s/ Benjamin J. Schladweiler*
Benjamin J. Schladweiler (#4601)
Greenberg Traurig LLP
The Nemours Building
1007 North Orange Street
Suite 1200
Wilmington DE 19801
schladweilerb@gtlaw.com

*Counsel for Defendants TCL Communication Technology Holdings Limited, TCT Mobile Limited, TCT Mobile (US), Inc., and TCT Mobile, Inc.*